UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:09-cr-32-FtM-29DNF

WILNER SIMON
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Defendant's Motion for the Return of Seized Property (Doc. #47) filed on October 26, 2011. The United States has filed a Response (Doc. #49) and a Supplemental Response (Doc. #51).

Defendant seeks the return of eighty-one (81) items of property seized from him in connection with his operation of a radio without a license. Defendant pled guilty pursuant to a Plea Agreement (Doc. #29) and has completed all terms of his sentence. The United States reports that of the eighty-one items on the Seized Equipment Inventory List, it has already destroyed seven (7) items, seeks permission to destroy another twenty-seven (27) items, and has agreed to return the remaining items.

Federal Rule of Criminal Procedure 41(g) provides, in part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). This rule applies to both property unlawfully seized and to property lawfully seized but unreasonably retained by

the government.  United States v. Zambrano, 353 F. App'x. 227, 228 (11th Cir. 2009).

When a motion for the return of property under Rule 41(g) is filed after a conviction, the Court treats it as a civil action in equity.  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006, overruled on other grounds, United States v. Lopez, 562 F.3d 1309, 1311–13 (11th Cir. 2009); United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005); United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001); United States v. Martinez, 241 F.3d 1329 (11th Cir. 2001).  In order to recover property, the movant must demonstrate that he has a possessory interest in the seized property and that he has "clean hands".  Howell, 425 F.3d at 974. When a Rule 41(e) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."  Potes Ramirez, 260 F.3d at 1314 (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)).

Based upon the government's response, there are three categories of property involved in this case.  First, the government agrees to return certain items.  Those items will be ordered returned to defendant without the need for further discussion.

Second, the government asserts that it has already destroyed seven of the items. The government justifies this destruction by asserting there was no response to its June 8, 2009, letter stating it would destroy all "bulk evidence" within sixty days in the absence of a response. The government's factual representation is incorrect because defendant filed a Notice of Objection to Destruction of Bulk Evidence (Doc. #17) on June 19, 2009, and service was made on the Assistant United States Attorney. Thus, the only basis which is alleged to support destruction of the items is contradicted by the record. Assuming the government can show the property was destroyed, Potes Ramirez, 260 F.3d at 1314, the Court will be required to craft equitable relief for the destruction, id. at 1315, although this does not include money damages in this proceeding, id. at 1315-16.

The third category of items are those the government wishes to forfeit and destroy. While a Rule 41(g) motion may not be used to recover property which is being or was forfeited, United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999), that is not what happened in this case. There has been and can be no forfeiture in this case. The Information (Doc. #1) did not include a forfeiture provision. The Plea Agreement (Doc. #29) did not include a forfeiture provision. There is no indication that defendant was informed that a component of the criminal penalties included forfeiture. The Court's sentence did not include a forfeiture

component.  (Doc. #36.)  None of the procedural prerequisites for judicial forfeiture set forth in 28 U.S.C. § 2461(c) have been followed in this case.  Contrary to the government's assertion, the Factual Basis of the Plea Agreement provides no factual basis to believe any of the 81 items were subject to forfeiture under 47 U.S.C. § 510.  No specific items are even mentioned in the Factual Basis.  The government states: "As defendant admitted in his plea agreement (Doc. #29) and at the subsequent proceedings, he used the subject equipment to commit his crime."  (Doc. #51, p. 4.)  The Plea Agreement certainly does not support this claim, since no particular equipment is referred to and there is no forfeiture provision.  The government fails to identify what "subsequent proceedings" support its position.  A Rule 41(g) proceeding does not provide the government with the opportunity to forfeit property, but only allows a defendant to seek its return.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for the Return of Seized Property (Doc. #47) is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART.**  The motion is granted to the extent that the United States shall forthwith return those items to defendant which it has agreed to return and those items which are not currently under valid forfeiture proceedings.

2. The motion is taken under advisement as to the items which have allegedly been destroyed. An evidentiary hearing is scheduled for **February 21, 2012, at 10:00 a.m.** at which time the United States shall present evidence of the destruction of the items and the parties shall address what equitable remedy the Court should fashion if the property was destroyed.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of January, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record